IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MEDIA COPYRIGHT GROUP, LLC | ) | |
| | ) | CASE NO.: |
| Plaintiff, | ) | |
| | ) | Judge: |
| v. | ) | Magistrate Judge: |
| | ) | |
| LEGACY 21, LLC | ) | **COMPLAINT FOR DECLARATORY** |
| | ) | **JUDGMENT** |
| Defendant. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## COMPLAINT

Plaintiff, by and through its attorneys and for its Complaint against Defendant, avers as follows:

## INTRODUCTION

1. This is an action seeking a declaratory judgment under §§ 28 U.S.C. 2201 and 2202 with respect to violations asserted by Defendant in its cease and desist letter to Plaintiff, Media Copyright Group, LLC ("MCG") dated October 8, 2010, and attached hereto as Exhibit A (the "Cease and Desist Letter").

## PARTIES

2. MCG is a limited liability company organized under the laws of the State of Minnesota and maintains an office in Chicago, Illinois. As its name describes, MCG is a business that provides copyright-related services. MCG's client base consists entirely of adult entertainment media copyright holders.

3. Upon information and belief, Defendant conducts business under the assumed name, "US Copyright Group". As its assumed name describes, Defendant is a US-based business that provides copyright-related services. Upon information and belief, Defendant serves the

motion picture industry and Defendant has been operating under the name US Copyright Group for less than one year.

4. Defendant is the purported licensee and owner of United States Trademark Registration No. 3779792 (Supplemental Register) (the "Trademark") and upon information and belief is authorized to act as a representative with respect to any litigation regarding the same.

## VENUE AND JURISDICTION

5. Jurisdiction is proper in this court because this litigation arises under federal law, including 17 U.S.C. § 1501 (Lanham Act). This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

6. This Court has personal jurisdiction over Defendant because Defendant, on information and belief, regularly conducts business under the name US Copyright Group in the State of Illinois and within this district, including soliciting, collecting and processing payments from residents of this district and advertising its services to motion picture producers and distributors in this district. In addition, Defendant and its counsel sent MCG the Cease and Desist Letter into this district.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

8. An actual case or controversy has arisen between the parties. Defendant has threatened litigation against MCG, has asserted that MCG's business name "Media Copyright Group", violates several statutory and common law principles, is likely to cause customer confusion, and has demanded that MCG cease using the business name "Media Copyright Group" and pay Defendant a penalty of $25,000. These statements threaten injury to MCG. As a

result, a declaratory ruling is necessary to clarify MCG's use of the business name, "Media Copyright Group."

## GENERAL ALLEGATIONS

9. MCG is a business that provides copyright-related services under the business name, "Media Copyright Group". MCG's client base consists entirely of adult entertainment media copyright owners.

10. Upon information and belief, Defendant is a US-based provider of copyright services. In contrast to MCG, upon information and belief Defendant's client base consists of producers and distributors of motion pictures.

11. Upon information and belief, Defendant's current and prospective clients are sophisticated business parties who possess the cognitive ability to readily distinguish between the phrases, "US Copyright Group" and "Media Copyright Group."

12. On or about October 8, 2010, Defendant's counsel, Geoffrey Dureska, Esq., of Dunlap, Grubb & Weaver PLLC sent MCG the Cease and Desist Letter, threatening to "proceed with all steps necessary to protect [his] client's goodwill" against MCG's purported federal trademark infringement, "false designation of original (*sic*)", violation of the Cybersquatting Consumer Protection Act and violations of common law unfair competition and misappropriation principles. In the Cease and Desist Letter, Defendant demanded that MCG cease conducting business under the mark, "MEDIA COPYRIGHT GROUP" and pay Defendant a penalty in the amount of $25,000, notwithstanding the fact that prior to sending the Cease and Desist letter Defendant provided no notice to MCG of the existence of a trademark registration with respect to "US COPYRIGHT GROUP" and MCG had no actual or constructive notice of the same.

13. The term "Media" is neither visually, phonetically nor conceptually similar to the term "US".

14. The mark "US Copyright Group" is merely descriptive of a US-based company that provides copyright-related services.

15. Registrant of the Trademark specifically disclaimed the exclusive right to use "COPYRIGHT" apart from the mark as shown.

16. Registrant of the Trademark has a related pending federal trademark application for the mark, "UNITED COPYRIGHT GROUP," in which registrant specifically disclaimed the exclusive right to use the phrase "COPYRIGHT GROUP", apart from the mark as shown.

17. MCG's use of the business name, "Media Copyright Group" constitutes fair use of the Trademark.

18. Defendant cannot identify any individual who was actually confused and believed that MCG's copyright services originate from or are somehow affiliated with US Copyright Group.

19. MCG does not infringe on any of Defendant's rights in the Trademark.

**FIRST CAUSE OF ACTION – TRADEMARK INFRINGEMENT**

20. MCG incorporates paragraphs 1-19 inclusive as if set forth fully herein.

21. This is an action for declaratory judgment and further relief against Defendant pursuant to 28 U.S.C. §§ 2201 and 2202.

22. Defendant has asserted, and MCG denies, that MCG's use of the business name "MEDIA COPYRIGHT GROUP" infringes Defendant's rights in the federally-registered "US COPYRIGHT GROUP" trademark.

23. Defendant's assertions create a reasonable apprehension by MCG that Defendant will file a lawsuit against MCG asserting claims for trademark infringement under 15 U.S.C. § 1114.

24. The Cease and Desist Letter prepared by Defendant and forwarded to MCG creates an actual controversy regarding the right of MCG to use the name "MEDIA COPYRIGHT GROUP" in connection with its copyright-related services.

25. Defendant's assertions of trademark infringement adversely affects MCG and will continue to adversely affect MCG because, until the Court makes a determination of MCG's rights, MCG will be in doubt as to its right to continue to use the name "MEDIA COPYRIGHT GROUP" in connection with providing copyright-related services.

## SECOND CAUSE OF ACTION – FALSE DESIGNATION

26. MCG incorporates paragraphs 1-25 inclusive as if set forth fully herein.

27. This is an action for declaratory judgment and further relief against Defendant pursuant to 28 U.S.C. §§ 2201 and 2202.

28. Defendant has asserted, and MCG denies, that MCG's use of the name "MEDIA COPYRIGHT GROUP" constitutes false designation of origin, sponsorship and/or affiliation and unfair competition in violation of §34 (a) of the Lanham Act, 15 U.S.C. § 1125 (a), with respect to Defendant's rights in the federally registered "US COPYRIGHT GROUP" trademark.

29. Defendant's assertions create a reasonable apprehension by MCG that Defendant will file a lawsuit against MCG asserting claims for false designation of origin and unfair competition under 15 U.S.C. § 1125 (a).

30. The Cease and Desist Letter prepared by Defendant and forwarded to MCG creates an actual controversy regarding the right of MCG to use the name "MEDIA COPYRIGHT GROUP" in connection with its copyright-related services.

31. Defendant's assertions of false designation of origin and unfair competition adversely affects MCG and will continue to adversely affect MCG because, until the Court makes a determination of MCG's rights, MCG will be in doubt as to its right to continue to use the name "MEDIA COPYRIGHT GROUP" in connection with providing copyright-related services.

### THIRD CAUSE OF ACTION - CYBERSQUATTING

32. MCG incorporates paragraphs 1-31 inclusive as if set forth fully herein.

33. This is an action for declaratory judgment and further relief against Defendant pursuant to 28 U.S.C. §§ 2201 and 2202.

34. Defendant has asserted, and MCG denies, that MCG's use of the name "MEDIA COPYRIGHT GROUP" constitutes "Cybersquatting" in violation of §34 (d) of the Lanham Act, 15 U.S.C. § 1125 (d), with respect to Defendant's rights in the federally registered "US COPYRIGHT GROUP" trademark.

35. Defendant's assertions create a reasonable apprehension by MCG that Defendant will file a lawsuit against MCG asserting claims for Cybersquatting under 15 U.S.C. § 1125 (d).

36. The Cease and Desist Letter prepared by Defendant and forwarded to MCG creates an actual controversy regarding the right of MCG to use the mark "MEDIA COPYRIGHT GROUP" in connection with its copyright-related services.

37. Defendant's assertions of Cybersquatting adversely affect MCG and will continue to adversely affect MCG because, until the Court makes a determination of MCG's rights, MCG

will be in doubt as to its right to continue to use the name "MEDIA COPYRIGHT GROUP" and operate the domain name mediacopyrightgroup.com in connection with providing copyright-related services.

## FOURTH CAUSE OF ACTION - CANCELLATION OF MARK

38. MCG incorporates paragraphs 1 through 37 inclusive as is set forth fully herein.

39. Upon information and belief, attorney Jeffrey W. Weaver of Dunlap, Gunn & Weaver PLLC is the attorney of record with respect to the "US COPYRIGHT GROUP" federally registered trademark.

40. Upon information and belief, Mr. Weaver represented the following to the United States Patent and Trademark Office in a written Response to Office Action dated February, 25, 2010, "[T]he proposed mark is not merely descriptive or generic because it is not obvious at all what the company does. In fact, *it is the only company of its kind, as far as the applicant is aware*." (Emphasis added) (the "Representation"). The Response to Office Action is attached hereto as Exhibit B.

41. Upon information and belief, in the same paragraph, Mr. Weaver described US Copyright Group's services as, "[N]amely, assisting copyright holders prevent copyright infringement and recover losses due to copyright infringement."

42. Upon information and belief, Mr. Weaver was interviewed by the *Hollywood Reporter* for an article[1] published on March 30, 2010.

43. Upon information and belief, in the article, Mr. Weaver was described as having been introduced in Germany to, "German-based Guardaley IT, that allows for real-time monitoring of movie downloads on torrents" prior to the date of the Representation.

---

[1] Available at: http://thresq.hollywoodreporter.com/2010/03/new-litigation-campaign-targets-tens-of-thousands-of-bittorrent-users.html (Last visited October 11, 2010).

44. Upon information and belief, in the article, Mr. Weaver, claimed the efforts of companies in using the legal process in "German and UK courts to identify and sue pirates using torrents… have been successful" and specifically mentioned, "a limited-release German film whose producers recovered $800,000 through litigation."

45. Upon information and belief, at the time he made the Representation, Mr. Weaver was aware of the activities of Guardaley IT and related firms that, "assist copyright holders prevent copyright infringement and recover losses due to copyright infringement." In fact, upon information and belief, at least one of the managers of the US Copyright Group is a managing director of Guardaley IT.

46. Upon information and belief, at the time he made the Representation, Mr. Weaver was also aware of the efforts of ACS:Law, a United Kingdom-based law firm alluded to in the article and best known for its efforts to, "assist copyright holders prevent copyright infringement and recover losses due to copyright infringement."

47. Upon information and belief, at the time he made the Representation, Mr. Weaver was also aware of efforts of groups such as the RIAA and MPAA, both of which, "assist copyright holders prevent copyright infringement and recover losses due to copyright infringement."

48. Upon information and belief, Mr. Weaver, the attorney of record with respect to the registration, knowingly made false statements in support of registration of the "US COPYRIGHT GROUP" mark. In so doing, Mr. Weaver committed fraud on the United States Patent and Trademark Office so that the resulting registration, i.e. Registration No. 3779792, should be canceled.

49. Upon information and belief, Mr. Weaver knew or should have known that such misrepresentations of fact identified herein were false and/or misleading.

50. Upon information and belief, Mr. Weaver, as attorney of record with respect to the registration, has committed fraud in procuring Registration No. 3779792 for "US COPYRIGHT GROUP", thus making the registration *void ab intio*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for an entry of a declaratory judgment against Defendant

1. That the Court enter judgment declaring that MCG's use of the business name "Media Copyright Group" does not constitute trademark infringement under 15 U.S.C. § 1114 and/or constitutes fair use of the Trademark, with respect to Defendant's rights in the Trademark;

2. That the Court enter judgment declaring that MCG's use of the business name "Media Copyright Group" does not constitute false designation of origin and unfair competition under 15 U.S.C. § 1125 (a) with respect to Defendant's rights in the Trademark;

3. That the Court enter judgment declaring that MCG's use of the business name "Media Copyright Group" does not constitute Cybersquatting under 15 U.S.C. § 1125 (d) with respect to Defendant's rights in the Trademark;

4. That the Court enter judgment declaring that Registration No. 3779792 shall be cancelled and removed from the Supplemental Register;

5. That Defendant be ordered to pay to Plaintiff an award covering Plaintiff's attorneys' fees, costs and other expenses incurred as a result of this controversy; and

6. That this Court grant such further and other relief as the Court deems just and proper.

Respectfully submitted,

Media Copyright Group, LLC
.

**DATED:** October 11, 2010

By: /s/ John Steele
John L. Steele (Bar No. 6292158)
Steele Law Firm, LLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-893-5888;   Fax 312-893-5604
john@steele-law.com
*Attorney for Plaintiff*