# EXHIBIT A



DUNLAP | GRUBB | WEAVER

www.dglegal.com

| | |
|---|---|
| **FROM:** | **John L. Steele** |
| **TO:** | **Geoffrey Dureska** |
| **FAX NUMBER:** | **312-893-5604** |
| **DATE - TIME:** | **10/8/2010 1:08:58 PM** |
| **RE:** | **Demand to Cease and Desist Use of Mark MEDIA COPYRIGHT GROUP** |

**Number of Pages (Including Cover): 5**

Confidentiality. This fax transmission contains information from the law firm of Dunlap, Grubb & Weaver and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone (703) 777-7319 immediately. Thank you for your cooperation. If you believe that you have received the message in error, please notify the sender by reply transmission and destroy the message without copying or disclosing it.

199 Liberty Street, SW
Leesburg, VA 20175-2715
703-777-7319 • Fax 703-777-3656

1200 G Street, NW, Suite 800
Washington, DC 20005
202-316-8558 • Fax 202-318-0242



# DUNLAP | GRUBB | WEAVER

ATTORNEYS & CONSULTANTS                                             WWW.DGLEGAL.COM

199 Liberty Street, S.W
Leesburg, VA 20175
Phone: (703) 777-7319
Fax: (703) 777-3656
gdureska@dglegal.com

October 8, 2010

**BY FACSIMILE**
John L. Steele
Operator of Media Copyright Group
161 N. Clark St., Suite 4700
Chicago, IL 60601
Fax 312-893-5604

Re: *Demand to Cease and Desist Use of Mark MEDIA COPYRIGHT GROUP*

Dear Mr. Steele:

We represent Legacy 21, LLC ("Legacy 21") the licensee of the federally registered trademark US COPYRIGHT GROUP® (Registration No. 3779792). Legacy 21 has continuously owned and used US COPYRIGHT GROUP® mark November 5, 2009 in ICC 045, for providing worldwide copyright enforcement and protection services, namely, assisting copyright holders prevent copyright infringement and recover losses due to copyright infringement.

The US COPYRIGHT GROUP® mark, as you must appreciate, is of great value and importance to Legacy 21.

Recently, we have been advised that you are using the name "MEDIA COPYRIGHT GROUP" in connection with your offer of services for "providing content owners with a turnkey solution for combatting (sic) online piracy of their copyrighted media . . . [by] 1) [t]racking infringement; 2) [i]dentifying infringers; and 3) [p]ursuing damages against infringers," as detailed on your website at www.mediacopyrightgroup.com. This letter is being sent to protest your continued, unauthorized use of a mark confusingly similar to US COPYRIGHT GROUP® in connection with your goods and services. Your use of "MEDIA COPYRIGHT GROUP" unfairly capitalizes on the goodwill and reputation embodied in the US COPYRIGHT GROUP® mark.

We believe a potential consumer would be confused or mistaken or deceived as to the source of the goods and/or services of MEDIA COPYRIGHT GROUP and US COPYRIGHT GROUP®. *See* 15 U.S.C. §1052(d). The court in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973) listed the principal factors to be considered when determining whether there is a likelihood of confusion under Section 2(d). *See* TMEP §1207.01. However, not all of the factors are necessarily relevant or of equal weight, and any one factor may be dominant in a given case, depending upon the evidence of record. *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003); *see In re E. I. du Pont*, 476 F.2d at 1361-62, 177 USPQ at 567. We also have reason to believe that consumers have actually been confused.

In this case, the following factors are the most relevant: similarity of the marks, similarity of the

Media Copyright Group
October 8, 2010
Page 2 of 4

goods and/or services, and similarity of trade channels of the goods and/or services. *See In re Opus One, Inc.*, 60 USPQ2d 1812 (TTAB 2001); *In re Dakin's Miniatures Inc.*, 59 USPQ2d 1593 (TTAB 1999); *In re Azteca Rest. Enters., Inc.*, 50 USPQ2d 1209 (TTAB 1999); TMEP §§1207.01 *et seq.*

Taking into account the relevant *du Pont* factors, a likelihood of confusion determination in this case involves a two-part analysis. The marks are compared for similarities in their appearance, sound, connotation and commercial impression. TMEP §§1207.01, 1207.01(b). The goods and/or services are compared to determine whether they are similar or commercially related or travel in the same trade channels. *See Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002); *Han Beauty, Inc. v. Alberto-Culver Co.*, 236 F.3d 1333, 1336, 57 USPQ2d 1557, 1559 (Fed. Cir. 2001); TMEP §§1207.01, 1207.01(a)(vi).

**Comparison of the Marks**

In a likelihood of confusion determination, the marks are compared for similarities in their appearance, sound, meaning or connotation and commercial impression. *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973); TMEP §1207.01(b). Similarity in any one of these elements may be sufficient to find a likelihood of confusion. *In re White Swan Ltd.*, 8 USPQ2d 1534, 1535 (TTAB 1988); *In re Lamson Oil Co.*, 6 USPQ2d 1041, 1043 (TTAB 1987); *see* TMEP §1207.01(b).

The question is not whether people will confuse the marks, but whether the marks will confuse people into believing that the goods and/or services they identify come from the same source. *In re West Point-Pepperell, Inc.*, 468 F.2d 200, 201, 175 USPQ 558, 558-59 (C.C.P.A. 1972); TMEP §1207.01(b). For that reason, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison. The question is whether the marks create the same overall impression. *See Recot, Inc. v. M.C. Becton*, 214 F.2d 1322, 1329-30, 54 USPQ2d 1894, 1899 (Fed. Cir. 2000); *Visual Info. Inst., Inc. v. Vicon Indus. Inc.*, 209 USPQ 179, 189 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.*, 203 USPQ 537, 540-41 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106, 108 (TTAB 1975); TMEP §1207.01(b). Marks may be confusingly similar in appearance where there are similar terms or phrases appearing in both applicant's and registrant's mark. *See Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689 (TTAB 1986), *aff'd sub nom. Canadian Imperial Bank of Commerce v. Wells Fargo Bank, Nat'l Ass'n*, 811 F.2d 1490, 1 USPQ2d 1813 (Fed. Cir. 1987); *In re BASF A.G.*, 189 USPQ 424 (TTAB 1975); TMEP §1207.01(b)(ii)-(iii). Although an applicant's mark contains additional elements, the mere addition of terms to a registered mark generally does not obviate the similarity between the marks nor does it overcome a likelihood of confusion under Trademark Act Section 2(d). *See In re Chatam Int'l Inc.*, 380 F.3d 1340, 71 USPQ2d 1944 (Fed. Cir. 2004) (GASPAR'S ALE and JOSE GASPAR GOLD); *Coca-Cola Bottling Co. v. Jos. E. Seagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A. 1975) (BENGAL and BENGAL LANCER); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A. 1967) (THE LILLY and LILLI ANN);*In re Toshiba Med. Sys. Corp.*, 91 USPQ2d 1266 (TTAB 2009) (TITAN and VANTAGE TITAN); *In re El Torito Rests., Inc.*, 9 USPQ2d 2002 (TTAB 1988) (MACHO and MACHO COMBOS); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) (CONFIRM and CONFIRMCELLS); *In re U.S. Shoe Corp.*, 229 USPQ 707 (TTAB 1985) (CAREER IMAGE and

Media Copyright Group
October 8, 2010
Page 3 of 4

CREST CAREER IMAGES); *In re Riddle*, 225 USPQ 630 (TTAB 1985) (ACCUTUNE and RICHARD PETTY'S ACCU TUNE); TMEP §1207.01(b)(iii).

In the present case, MEDIA COPYRIGHT GROUP is similar to US COPYRIGHT GROUP®, because MEDIA COPYRIGHT GROUP uses two of the same words that US COPYRIGHT GROUP® uses and thus will lead to consumer confusion. In other words, the marks are similar in sound, meaning, and appearance.

**Comparison of the Goods and/or Services**

The goods and/or services of the parties need not be identical or directly competitive to find a likelihood of confusion. *See Safety-Kleen Corp. v. Dresser Indus., Inc.*, 518 F.2d 1399, 1404, 186 USPQ 476, 480 (C.C.P.A. 1975); TMEP §1207.01(a)(i). Rather, they need only be related in some manner, or the conditions surrounding their marketing are such that they would be encountered by the same purchasers under circumstances that would give rise to the mistaken belief that the goods and/or services come from a common source. *In re Total Quality Group, Inc.*, 51 USPQ2d 1474, 1476 (TTAB 1999); TMEP §1207.01(a)(i); *see, e.g., On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086-87, 56 USPQ2d 1471, 1475-76 (Fed. Cir. 2000); *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 1566-68, 223 USPQ 1289, 1290 (Fed. Cir. 1984). If the goods of the respective parties are "similar in kind and/or closely related," the degree of similarity between the marks required to support a finding of likelihood of confusion is not as great as would be required with diverse goods and/or services. *In re J.M. Originals Inc.*, 6 USPQ2d 1393, 1394 (TTAB 1987); *see Shen Mfg. Co. v. Ritz Hotel Ltd.*, 393 F.3d 1238, 1242, 73 USPQ2d 1350, 1354 (Fed. Cir. 2004); TMEP §1207.01(b).

Media Copyright Group's services, namely "providing content owners with a turnkey solution for combatting (sic) online piracy of their copyrighted media . . . [by] 1) [t]racking infringement; 2) [i]dentifying infringers; and 3) [p]ursuing damages against infringers" are closely related to Legacy 21's services, namely "providing worldwide copyright enforcement and protection services, namely, assisting copyright holders prevent copyright infringement and recover losses due to copyright infringement" because both are likely to travel through the same channels of trade to the same classes of purchasers. With the common use of both marks, consumers are likely to reach the mistaken conclusion that the services are related and originate from a common source.

This type of deceptive trade practice constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), a false designation of the original and false description under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), a violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C § 1125(d) through your registration of a domain name with the intention of taking financial advantage of the mark, and violates the common law principles of unfair competition and misappropriation.

To ensure that you cease and desist all unauthorized use of the mark "MEDIA COPYRIGHT GROUP" or any mark confusingly similar to US COPYRIGHT GROUP® on any products, advertisements, or in connection with any services, we request that you certify that: (i) you or any entity you are affiliated with or an agent of, immediately cease all use of the mark "MEDIA COPYRIGHT GROUP" or any mark confusingly similar to US COPYRIGHT GROUP®; (ii) you or any entity you are affiliated with or an agent of, agree to rescind and refrain from any

Media Copyright Group
October 8, 2010
Page 4 of 4

further advertising bearing the mark "MEDIA COPYRIGHT GROUP" or any mark confusingly similar US COPYRIGHT GROUP®; and (iii) pay a penalty in the amount of $25,000.

Please contact me within seven (7) days of the date of this letter or we shall proceed with all steps necessary to protect our client's goodwill. This letter shall not be deemed to be a waiver of any rights or remedies.

Very truly yours,

Geoffrey Dureska, Esq.

Cc: Media Copyright Group LLC, ATTN: Paul Hansmeier, Registered Agent, 80 S 8th St., #900, Minneapolis, MN 55402